FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

GEORGE CLINTON
HELMSTETTER,

  Defendant - Appellant.

Nos. 08-1432 and 08-1436

(D. Colorado)

D.C. Nos. 1:05-CR-00163-EWN-1
and 1:93-CR-00121-PAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

George Clinton Helmstetter was serving concurrent terms of supervised

release for convictions in two different cases. Upon his admitting to numerous

violations of the conditions of his supervised release, the United States District

Court for the District of Colorado revoked both terms of supervised release and

imposed consecutive sentences of four months' and two years' imprisonment.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Helmstetter appeals both sentences, contending that the sentences imposed by the district court were unreasonable and that the court abused its discretion by imposing the sentences consecutively. We consolidate the two appeals for purposes of this disposition. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

On May 13, 1993, Mr. Helmstetter pleaded guilty to four counts of unarmed bank robbery, a class C felony. He was sentenced to 125 months' imprisonment to be followed by three years' supervised release. His term of supervised release began on June 18, 2002. After testing positive for the use of controlled substances, Mr. Helmstetter agreed to a modification of the conditions of his supervision to include residence at a community corrections facility. Mr. Helmstetter's residence at the facility was terminated when he was caught providing alcohol to a fellow resident. His term of supervised release was revoked on October 9, 2003, and he was sentenced to an additional eight months' imprisonment to be followed by 24 months' supervised release. His second term of supervised release began on July 26, 2004.

During the following two months, Mr. Helmstetter tested positive for the use of controlled substances on several occasions. But before the conditions of his supervision could be reevaluated, he was arrested and charged in federal district court with five counts of passing and uttering counterfeit currency and one

count of possessing counterfeit currency, all class C felonies. A jury found Mr. Helmstetter guilty on all six counts on October 6, 2005. He was sentenced to 24 months' imprisonment to be followed by three years' supervised release.

On February 23, 2006, Mr. Helmstetter's supervised release in the bank-robbery case was revoked because of his conviction in the counterfeiting case. He was sentenced to 12 months' imprisonment to be served consecutively to his sentence in the counterfeiting case. His sentence was to be followed by 24 months' supervised release to be served concurrently with the supervised-release term imposed in the counterfeiting case.

On November 7, 2007, Mr. Helmstetter's terms of supervised release in both the bank-robbery and the counterfeiting cases began. He again failed to comply with the conditions of his supervised release. On January 16, 2008, a probation officer filed a petition to revoke his supervised release in both the bank-robbery and counterfeiting cases, alleging that he had used cocaine, opiates, and marijuana; that he had failed to participate in drug treatment as directed by his probation officer; and that he had failed to submit written reports to his probation officer as required by the conditions of his supervision. At a hearing on February 21, 2008, Mr. Helmstetter admitted to five alleged grade C violations of the conditions of his supervised release. The district court deferred revocation of his supervised release, but modified the conditions of his supervision to include participation in a methadone-maintenance program.

-3-

Despite the leniency shown by the district court, Mr. Helmstetter continued his pattern of supervised-release violations. On August 18, 2008, a probation officer filed a supplemental petition to revoke Mr. Helmstetter's supervised release, alleging six additional supervised-release violations, including the failure to submit written reports to his probation officer; the failure to participate in drug treatment as directed by his probation officer; and the possession and use of cocaine, marijuana, and heroin. On September 17, 2008, a hearing on the supervised-release violations was scheduled in district court, but Mr. Helmstetter failed to appear, and the district court issued a bench warrant for his arrest. On September 29, 2008, the court held a detention hearing and ordered that Mr. Helmstetter be detained.

A hearing on Mr. Helmstetter's supervised-release violations was eventually held on October 24, 2008. Mr. Helmstetter admitted to the six additional grade C supervised-release violations alleged in the supplemental petition.

Under 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court . . . finds by a preponderance of the evidence

> that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C . . . felony.

*Id.* § 3583(e)(3). Because Mr. Helmstetter had already served 20 months' imprisonment upon prior revocations of his supervised release in the bank-robbery case, he faced a statutory maximum of four months' imprisonment in that case. He faced a statutory maximum of two years' imprisonment in the counterfeiting case. The court has discretion to impose consecutive sentences for supervised-release violations. *See* 18 U.S.C. § 3584. Under Chapter 7 of the United States Sentencing Guidelines, the recommended sentencing range for Mr. Helmstetter, who fell under criminal history category IV, was 6 to 12 months' imprisonment in each case for grade C violations of the conditions of his supervised release. *See* USSG § 7B1.4.

Counsel for Mr. Helmstetter requested leniency from the court because of Mr. Helmstetter's longstanding drug addiction. In addition, she requested that Mr. Helmstetter be permitted to serve concurrently any terms of imprisonment in the two cases. Mr. Helmstetter then spoke to the court about his drug addiction and the problems that he had confronted as a result of "growing up" in federal custody. R., Vol. II at 14. He said that he had tried to comply with the conditions of his supervised release. In response the prosecutor outlined Mr.

Helmstetter's criminal history for the court and argued that "if he has tried, he certainly has not tried hard enough." *Id.* at 16.

After hearing the parties' arguments, the court announced that despite the guideline range of 6 to 12 months' imprisonment, it intended to sentence Mr. Helmstetter to the statutory maximum:  four months' imprisonment in the bank-robbery case and two years' imprisonment in the counterfeiting case.  It explained:

> The reason that the Court would intend to do that is not only because of the opportunity that you had that I previously referred to of being able to try to get your drug use reined in, but also because of the fact that the efforts it seemed which should have been directed towards compliance seemed even to some extent to be directed towards the opposite which was non-compliance.
>
> And you know, the use of different types of drugs, the multiple failures to comply really do, I think, reflect what [the probation officer] referred to as a dismal compliance history.  For those reasons and given the fact you do have an extensive criminal history and have been under supervision for a very long period of time would argue in favor of a maximum sentence.

*Id.* at 17–18.  The court then stated that it had taken into consideration the factors in 18 U.S.C. § 3553(a) and proceeded to list the factors.  After the court imposed the maximum sentence, Mr. Helmstetter did not object either to the length of the sentences or to their being served consecutively.

On appeal Mr. Helmstetter contends that the sentences imposed by the district court upon revocation of his terms of supervised release were

unreasonable and that the court abused its discretion by imposing the sentences consecutively.

## II.    DISCUSSION

"[I]t is now axiomatic that a sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (internal quotation marks omitted).  Although it is unclear post-*Booker* whether we review the imposition of consecutive, rather than concurrent, sentences for reasonableness or for an abuse of discretion, "[w]e need not explore the exact contours of our . . . standard of review." *Id.* (internal quotation marks omitted).  The district court did not abuse its discretion and the sentence it imposed was both procedurally and substantively reasonable.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *Id.* (citation omitted); *see* 18 U.S.C. § 3583(e).  "The sentencing court . . . is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Cordova*, 461 F.3d at 1189 (internal quotation marks omitted).

The record reveals that the district court adequately considered the relevant sentencing factors. The court acknowledged that the guideline range was 6 to 12 months' imprisonment. But it pointed out that Mr. Helmstetter had admitted to 11 serious violations of the conditions of his supervised release, that he had been given a "considerable break" eight months earlier when it chose not to revoke his supervised release after he had admitted to the first five violations, R., Vol. II at 17, and that it had taken into consideration the § 3553(a) factors in determining the sentence. In light of Mr. Helmstetter's "dismal compliance history" and extensive criminal record, we cannot say that the district court's imposition of consecutive sentences of four months' and two years' imprisonment was not reasoned or reasonable or was an abuse of discretion.

## III.   CONCLUSION

We AFFIRM the sentences imposed below.

Entered for the Court

Harris L Hartz
Circuit Judge